## In re SELFRIDGE.

District Court, D. Massachusetts.   July 8, 1929.

No. 40023.

Harold V. Tillson, of Boston, Mass., for William E. and Dolly M. Selfridge.

Harold Williams, of Boston, Mass., for Lawrence N. Selfridge.

Joseph H. Rosenshine, of Boston, Mass., for trustee.

MORTON, District Judge.   The referee made an order, on summary proceedings by the trustee, requiring William E. Selfridge, the bankrupt, and Dolly M. Selfridge, his wife, to turn over to the trustee two promissory notes secured by mortgages—one for $1,037 and the other for $1,000.  "Dolly M. Selfridge, trustee for Lawrence N. Selfridge," was the payee of both notes.  Lawrence N. Selfridge is the minor son of the two defendants.  After the entry of the referee's order, he was allowed to intervene by his guardian, and challenge the jurisdiction of the referee, upon the ground that the notes in question were his property and the ownership of them could not be tried in summary proceedings.

In 1922, Lawrence, who was of course a minor, was injured in an automobile accident, and received as damages $4,177.40.  This money was at first deposited in his name in four savings banks in Boston.  Later, by what authority does not appear, the deposits were changed, so that $1,000 stood in the name of William E. Selfridge, as trustee for Lawrence, and the three other deposits, amounting to $3,177.40, stood in the name of Dolly M. Selfridge, as trustee for Lawrence. The father withdrew the entire deposit in his name and used it in his business activities; the mother, at the father's request, also withdrew about $3,000 of the money deposited in her name as trustee and turned it over to him, knowing that it was to be used in the same way.  This occurred before June, 1927.  In that month the bankrupt sold out his laundry business, which constituted his only considerable asset, receiving therefor the two notes here in question.  The referee has found that they were made payable to Mrs. Selfridge as trustee for the purposes both of hindering and defrauding creditors and of repaying the minor son.  They were delivered to Mrs. Selfridge when made, and she has had them ever since;  neither of them ever came into the possession of the trustee. The mortgages were not recorded until after the bankruptcy.  As they were made, not by the bankrupt, but by the person to whom he had sold, the validity of the final instruments was not affected by the delay in recording. See Bankruptcy Act, § 60 (11 USCA § 96).

It was, however, evidence of a fraudulent intent.

It was competent for the guardian to ratify what Mrs. Selfridge did in undertaking to receive payment for her minor son of the sums due him from his father; the word "trustee" in the papers to her probably means no more than "agent." The guardian's intervening petition amounts to such ratification. Upon his intervention, the case was reopened and recommitted to the referee to state the facts thereon. Upon the facts stated in the original and supplemental reports, the minor now contends that the order should be vacated and the summary proceeding dismissed. I do not think that Mrs. Selfridge's undertaking to act for her son in receiving payment made her his representative in the summary proceeding so that he is bound by the original order entered therein. He is entitled to have his objections considered. In re Tucker (C. C. A.) 153 F. 91.

The scope of summary proceedings is well settled. They can be used only where there is actual or constructive possession of the property by the bankrupt or by the trustee, or where a claim of right to it by a third party is so obviously unfounded as to be merely colorable. Neither of these is true in this case. The claim which the guardian is asserting, whether meritorious or not, is substantial and made in good faith.

The order of the referee must be vacated, and the petition dismissed, leaving the parties to work out their rights in plenary proceedings.